**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 23 C 7782 |
| ) | |
| **JAMES HARRIS,** ) | |
| ) | |
| Movant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

James Harris pled guilty to a charge of conspiracy to possess heroin with intent to distribute, a charge that carried a ten-year mandatory minimum prison sentence. In the presentence report, the Probation Office recommended a total offense level of 39, which would have resulted in an advisory Sentencing Guidelines range of 262 to 327 months imprisonment. The Court rejected a number of the enhancements recommended by probation and determined that Mr. Harris's criminal history category was I and his total offense level was 30. This resulted in a range of 97 to 121 months imprisonment. But because the Court found that a two-level role-in-the-offense leadership enhancement applied, Mr. Harris was not eligible for the "safety valve," which would have permitted a below-minimum sentence. See U.S.S.G. § 5C1.2(a)(4). This meant that Mr. Harris's *effective* Guidelines range was 120 to 121 months imprisonment. The Court imposed a 120-month sentence. Mr. Harris did not appeal.

Mr. Harris has filed a motion to vacate his sentence under 28 U.S.C. § 2255. He

contends his lawyer rendered ineffective assistance in two ways: by allegedly telling Mr. Harris prior to his guilty plea that he would be eligible for the safety valve, and by conceding prior to the sentencing hearing that a leadership enhancement should apply—which, as indicated earlier, rendered Mr. Harris ineligible for the safety valve. The government has filed a response to Mr. Harris's motion. Mr. Harris was given the opportunity, and a deadline (as well as an extension of the deadline), to file a reply. But he did not file one and did not ask for an extension of time. The Court therefore rules on Mr. Harris's motion without the benefit of a reply brief.

To establish that his counsel was constitutionally ineffective, Mr. Harris must show that counsel's representation "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). In the present context, Mr. Harris has to show one of two things to establish prejudice. The first is to establish a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 582 U.S. 357, 364–65 (2017) (citation omitted). The second is to establish a reasonable probability that but for counsel's ineffective assistance the result of the proceeding—the sentencing hearing—would have been different. *See Strickland*, 466 U.S. at 694. In this case that means establishing a reasonable probability that the Court would not have imposed the two-level leadership enhancement (thus rendering Mr. Harris ineligible for the safety valve) if counsel had not conceded that the enhancement applied.

Mr. Harris's contentions lack merit; he has not shown the requisite prejudice. With regard to his first contention, Mr. Harris admitted under oath during the guilty plea

2

hearing that no promises had been made to induce him to plead guilty; he affirmed that he understood that although his attorney would argue the applicability of the safety valve, it was ultimately up to the Court to determine whether to apply it; he understood that if the safety valve did not apply, the lowest sentence the Court could impose would be ten years (120 months); he understood that any predictions he had gotten about the sentence were not binding on the Court; and he understood that if the Court ended up with a Guidelines calculation less favorable than Mr. Harris hoped for, he would not be able to withdraw his guilty plea. Mr. Harris persisted in his guilty plea after acknowledging all of this. Statements made under oath at the guilty plea hearing are presumed truthful, *see, e.g., Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000), and under normal circumstances those statements are binding upon the defendant. *See, e.g., Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). Mr. Harris has offered nothing to suggest that these rules should not apply in his case. Based on Mr. Harris's under-oath admissions, any contention that he would not have pled guilty had he known the Court would not apply the safety valve lacks merit.

With regard to defense counsel's concession that a two-level leadership enhancement should apply, it is noteworthy that the Probation Office recommended, and the government sought, a four-level enhancement—but the Court, after hearing defense counsel's arguments, imposed a lower enhancement. That aside, there is no support in the record for the proposition that there is a reasonable possibility that the Court would not have imposed the two-level enhancement if defense counsel had objected. The evidence before the Court at the time of sentencing reflected that Mr. Harris had directed others in the distribution of heroin and that certain of his co-

3

defendants regarded him as their leader.  The evidence also reflected that Mr. Harris had received the majority of the proceeds from the co-conspirators' narcotics sales. Those factors all supported a two-level "manager or supervisor" enhancement, which is what the Court imposed.  See U.S.S.G. § 3B1.1, app. note 4.  An attorney's failure to object to a Guidelines enhancement may amount to prejudicial ineffective assistance only if it is reasonably likely that it resulted in a longer sentence for the defendant.  See, e.g., Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015).  That is not the situation here.  Mr. Harris has failed to show a reasonable probability of a more favorable ruling on either the role-in-the-offense enhancement or the application of the safety valve.

      For the reasons described, Mr. Harris's ineffective assistance claims lack merit. The Court therefore denies his motion under 28 U.S.C. § 2255 and directs the Clerk to enter judgment stating:  Defendant James Harris's motion under 28 U.S.C. § 2255 is denied.  The Court declines to issue a certificate of appealability, because there is nothing to suggest that the merits of Mr. Harris's claims are debatable, capable of different resolution, or deserving of further consideration on appeal.  See 28 U.S.C. §2253(c)(2); Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Porter v. Gramley, 121 F.3d 1308, 1312 (7th Cir. 1997).

Date:  July 8, 2024

                                                  MATTHEW F. KENNELLY
                                                  United States District Judge